APPEAL,TYPE−D

# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: 1:23−cv−01854−DLF

HERITAGE FOUNDATION et al v. U.S. DEPARTMENT OF JUSTICE
Assigned to: Judge Dabney L. Friedrich
Cause: 05:552 Freedom of Information Act

Date Filed: 06/26/2023
Jury Demand: None
Nature of Suit: 895 Freedom of Information Act
Jurisdiction: Federal Question

**Plaintiff**

| | | |
|---|---|---|
| **HERITAGE FOUNDATION** | represented by | **Daniel D. Mauler** |

**Daniel D. Mauler**
HERITAGE ACTION FOR AMERICA
214 Massachusetts Avenue NE
Washington, DC 20002
202−617−6975
Email: dan.mauler@heritage.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Eric Neal Cornett**
LAW OFFICE OF ERIC NEAL CORNETT
Law Office of Eric Neal Cornett
70 I Street S.E., 525
20003
Washington, DC 20003
606−275−0978
Email: neal@cornettlegal.com
*ATTORNEY TO BE NOTICED*

**Roman Jankowski**
THE HERITAGE FOUNDATION
214 Massachusetts Avenue NE
Washington, DC 20002
(202) 489−2969
Email: roman.jankowski@heritage.org
*ATTORNEY TO BE NOTICED*

**Samuel Everett Dewey**
CHAMBERS OF SAMUEL EVERETT DEWEY, LLC
2200 12th Court North
Apt. 609
Arlington, VA 22201
(703) 261−4194
Email: samueledewey@sedchambers.com
*ATTORNEY TO BE NOTICED*

1

**Plaintiff**

MIKE HOWELL                                  represented by   **Daniel D. Mauler**
                                                              (See above for address)
                                                              *LEAD ATTORNEY*
                                                              *ATTORNEY TO BE NOTICED*

                                                              **Eric Neal Cornett**
                                                              (See above for address)
                                                              *ATTORNEY TO BE NOTICED*

                                                              **Roman Jankowski**
                                                              (See above for address)
                                                              *ATTORNEY TO BE NOTICED*

                                                              **Samuel Everett Dewey**
                                                              (See above for address)
                                                              *ATTORNEY TO BE NOTICED*

V.

**Defendant**

U.S. DEPARTMENT OF JUSTICE               represented by   **Elizabeth J. Shapiro**
                                                          U.S. DEPARTMENT OF JUSTICE
                                                          Civil Division, Federal Programs Branch
                                                          1100 L Street, NW
                                                          Washington, DC 20530
                                                          (202) 514−5302
                                                          Fax: (202) 616−8470
                                                          Email: Elizabeth.Shapiro@usdoj.gov
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Jason C. Lynch**
                                                          U.S. DEPARTMENT OF JUSTICE
                                                          Federal Programs Branch
                                                          1100 L Street NW
                                                          Washington, DC 20005
                                                          202−514−1359
                                                          Email: Jason.Lynch@usdoj.gov
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/26/2023 | 1 | COMPLAINT against U.S. DEPARTMENT OF JUSTICE ( Filing fee $ 402 receipt number ADCDC−10165346) filed by HERITAGE FOUNDATION, MIKE HOWELL. (Attachments: # 1 Civil Cover Sheet, # 2 Summons, # 3 Summons, # 4 Summons, # 5 Exhibit 1, # 6 Exhibit 2, # 7 Exhibit 3, # 8 Exhibit 4, # 9 Exhibit 5, # 10 Exhibit 6, # 11 Exhibit 7, # 12 Exhibit 8, # 13 Exhibit 9, # 14 Exhibit 10, # 15 Exhibit 11, # 16 Exhibit 12, # 17 Exhibit 13, # 18 Exhibit 14, # 19 Exhibit 15, # 20 Exhibit 16, # 21 Exhibit 17, |

| | | |
|---|---|---|
| | | # 22 Exhibit 18, # 23 Exhibit 19, # 24 Exhibit 20, # 25 Exhibit 21, # 26 Exhibit 22, # 27 Exhibit 23, # 28 Exhibit 24)(Dewey, Samuel) (Entered: 06/26/2023) |
| 06/27/2023 | 2 | NOTICE of Appearance by Roman Jankowski on behalf of All Plaintiffs (Jankowski, Roman) (Entered: 06/27/2023) |
| 06/27/2023 | 3 | NOTICE of Appearance by Eric Neal Cornett on behalf of All Plaintiffs (Cornett, Eric) (Entered: 06/27/2023) |
| 06/27/2023 | | Case Assigned to Judge Dabney L. Friedrich. (zrtw) (Entered: 06/27/2023) |
| 06/27/2023 | 4 | SUMMONS (3) Issued Electronically as to U.S. DEPARTMENT OF JUSTICE, U.S. Attorney and U.S. Attorney General (Attachments: # 1 Notice and Consent)(zrtw) (Entered: 06/27/2023) |
| 06/29/2023 | 5 | STANDARD ORDER for civil cases. See text for details. Signed by Judge Dabney L. Friedrich on June 29, 2023. (lcdlf2) (Entered: 06/29/2023) |
| 06/29/2023 | 6 | MOTION for Preliminary Injunction by HERITAGE FOUNDATION, MIKE HOWELL. (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order)(Dewey, Samuel) (Entered: 06/29/2023) |
| 06/29/2023 | 7 | DECLARATION *of Smauel Everett Dewey* by HERITAGE FOUNDATION, MIKE HOWELL re 6 MOTION for Preliminary Injunction filed by HERITAGE FOUNDATION, MIKE HOWELL. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11)(Dewey, Samuel) (Attachment 4 flattened & replaced on 7/3/2023.) (ztnr) (Entered: 06/30/2023) |
| 06/30/2023 | 8 | NOTICE of Appearance by Jason C. Lynch on behalf of U.S. DEPARTMENT OF JUSTICE (Lynch, Jason) (Entered: 06/30/2023) |
| 06/30/2023 | 9 | MOTION for Extension of Time to File Response/Reply as to 6 MOTION for Preliminary Injunction *By Three Working Days, Until July 11, 2023,* by U.S. DEPARTMENT OF JUSTICE. (Attachments: # 1 Text of Proposed Order)(Lynch, Jason) (Entered: 06/30/2023) |
| 06/30/2023 | | MINUTE ORDER granting in part the defendant's 9 Motion for Extension of Time. The defendant shall file a response to the plaintiffs' 6 Motion for Preliminary Injunction on or before July 10, 2023 at 9:00am. So Ordered by Judge Dabney L. Friedrich on June 30, 2023. (lcdlf2) (Entered: 06/30/2023) |
| 07/10/2023 | 10 | Memorandum in opposition to re 6 Motion for Preliminary Injunction filed by U.S. DEPARTMENT OF JUSTICE. (Attachments: # 1 Exhibit 1 − July 10, 2023, Declaration of Kara Cain (EOUSA))(Lynch, Jason) (Entered: 07/10/2023) |
| 07/10/2023 | 11 | NOTICE of Appearance by Daniel D. Mauler on behalf of All Plaintiffs (Mauler, Daniel) (Entered: 07/10/2023) |
| 07/11/2023 | 12 | ERRATA re 10 Memorandum in opposition *to Plaintiffs' Motion for Preliminary Injunction* by U.S. DEPARTMENT OF JUSTICE (Attachments: # 1 Defendant's Memorandum in Opposition to Plaintiffs' Motion for Preliminary Injunction (Corrected))(Lynch, Jason) Modified on 7/11/2023 to add docket relationship (zed). (Entered: 07/11/2023) |
| 07/11/2023 | | NOTICE of Hearing: Motion Hearing set for 7/20/2023 at 11:30 AM in Courtroom 14− In Person before Judge Dabney L. Friedrich. (zjch, ) (Entered: 07/11/2023) |

| 07/11/2023 | 13 | NOTICE of Appearance by Elizabeth J. Shapiro on behalf of U.S. DEPARTMENT OF JUSTICE (Shapiro, Elizabeth) (Entered: 07/11/2023) |
|---|---|---|
| 07/13/2023 | 14 | MOTION for Leave to File *Reply Declarations* by HERITAGE FOUNDATION, MIKE HOWELL. (Attachments: # 1 Declaration Second Declaration of Samuel Everett Dewey, # 2 Exhibit 2d Dewey Decl. Ex. 1, # 3 Exhibit 2d Dewey Decl. Ex. 2, # 4 Exhibit 2d Dewey Decl. Ex. 3, # 5 Exhibit 2d Dewey Decl. Ex. 4, # 6 Declaration Declaration of Kyle Brosnan, # 7 Exhibit Brosnan Decl. Ex. 1, # 8 Exhibit Brosnan Decl. Ex. 2, # 9 Exhibit Brosnan Decl. Ex. 3, # 10 Exhibit Brosnan Decl. Ex. 4, # 11 Declaration Declaration of Mike Howell)(Dewey, Samuel) (Attachment 5 flattened & replaced on 7/14/2023.) (ztnr) (Entered: 07/13/2023) |
| 07/13/2023 | 15 | MOTION for Leave to File *Reply Memorandum* by HERITAGE FOUNDATION, MIKE HOWELL. (Attachments: # 1 Memorandum in Support)(Dewey, Samuel) (Entered: 07/13/2023) |
| 07/14/2023 | 16 | Memorandum in opposition to re 14 Motion for Leave to File,, 15 Motion for Leave to File filed by U.S. DEPARTMENT OF JUSTICE. (Shapiro, Elizabeth) (Entered: 07/14/2023) |
| 07/14/2023 | 17 | REPLY to opposition to motion re 14 MOTION for Leave to File *Reply Declarations*, 15 MOTION for Leave to File *Reply Memorandum* filed by HERITAGE FOUNDATION, MIKE HOWELL. (Dewey, Samuel) (Entered: 07/14/2023) |
| 07/19/2023 | 18 | ORDER granting the plaintiffs' 14 and 15 Motions for Leave to File Reply Declarations and Reply Memorandum and denying the plaintiffs' 6 Motion for Preliminary Injunction. See text for details. The July 20, 2023 preliminary injunction hearing is VACATED.In addition, the Court will not grant the defendant any extensions to the answer deadline absent extraordinary circumstances. The parties are directed to contact the Courtroom Deputy to schedule a post−meet and confer status hearing for the week of August 7, 2023. So Ordered by Judge Dabney L. Friedrich on July 19, 2023. (lcdlf2) (Entered: 07/19/2023) |
| 07/19/2023 | 19 | NOTICE OF INTERLOCUTORY APPEAL as to 18 Order on Motion for Preliminary Injunction,,,, Order on Motion for Leave to File,,,,, by HERITAGE FOUNDATION, MIKE HOWELL. Filing fee $ 505, receipt number ADCDC−10217518. Fee Status: Fee Paid. Parties have been notified. (Dewey, Samuel) (Entered: 07/19/2023) |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                    )
HERITAGE FOUNDATION &               )
MIKE HOWELL                         )
                                    )
            *Plaintiffs*,           )
                                    )
v.                                  )          Case No. 23-cv-1854 (DLF)
                                    )
U.S. DEPARTMENT OF JUSTICE          )
                                    )
            *Defendants*.           )
                                    )
_____)

## NOTICE OF APPEAL

Notice is hereby given that Plaintiffs The Heritage Foundation and Mike Howell hereby

appeal to the United States Court of Appeals for the District of Columbia Circuit the Order (ECF

No. 18) entered on July 19, 2023, denying Plaintiffs' Motion for a Preliminary Injunction (ECF

No. 6).

Dated: July 19, 2023                    Respectfully submitted,

                                        /s/ Samuel Everett Dewey_____
                                        SAMUEL EVERETT DEWEY
                                        (No. 999979)
                                        Chambers of Samuel Everett Dewey, LLC
                                        Telephone:  (703) 261-4194
                                        Email:  samueledewey@sedchambers.com

                                        ERIC NEAL CORNETT
                                        (No. 1660201)
                                        Law Office of Eric Neal Cornett
                                        Telephone:  (606) 275-0978
                                        Email: neal@cornettlegal.com

                                        DANIEL D. MAULER
                                        (No. 977757)
                                        The Heritage Foundation
                                        Telephone:  (202) 617-6975

Email:  Dan.Mauler@heritage.org

ROMAN JANKOWSKI
(No. 975348)
The Heritage Foundation
Telephone:  (202) 489-2969
Email:  Roman.Jankowski@heritage.org

*Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HERITAGE FOUNDATION *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> U.S. DEPARTMENT OF JUSTICE, <br><br> *Defendant.* | No. 23-cv-1854 (DLF) |

**ORDER**

Plaintiffs the Heritage Foundation and one of its officers, Mike Howell, bring this action

against the U.S. Department of Justice under the Freedom of Information Act ("FOIA"), seeking

the production of certain documents related to DOJ's investigation of Robert Hunter Biden, the

son of the President of the United States, Joseph R. Biden.[1]  *See* Compl., Dkt. 1.  The plaintiffs'

request, dated March 10, 2023, seeks (1) "[a]ll documents and communications sent or received

by . . . any employee of the U.S. Attorney's Office for the District of Delaware referring or relating

to Special Counsel status for the investigation concerning Hunter Biden" and (2) "[a]ll documents

and communications between or among employees of the U.S. Attorney's Office for the District

of Delaware and employees of any other U.S. Attorney's Office with venue to bring charges

against Hunter Biden or his associates in that jurisdiction."  FOIA Request at 1 (March 10, 2023),

Pls.' Ex. 1, Dkt. 1-5.  The plaintiffs also contemporaneously sought expedited processing, *id.* at

6–11, which was granted on March 27, 2023, Pls.' Ex. 10, Dkt. 1-14.  As such, by statute, DOJ is

required to process the plaintiffs' request "as soon as practicable."  5 U.S.C. § 552(a)(6)(E)(iii).

---

[1] For clarity, the Court will refer separately to "Hunter Biden" and "President Biden."

Roughly three months after the plaintiffs filed their request, on June 20, 2023, Hunter Biden was charged by information in the U.S. District Court for the District of Delaware with one count of knowingly possessing a firearm while an unlawful user of and addicted to a controlled substance, 18 U.S.C. §§ 922(g)(3), 924(a)(2), and two counts of willful failure to pay income tax, 26 U.S.C. § 7203.  *See* Information, *United States v. Biden*, No. 23-cr-61 (D. Del. June 20, 2023), Dkt. 2; Information, *United States v. Biden*, No. 23-mj-274 (D. Del. June 20, 2023), Dkt. 2.  That same day, the government and Hunter Biden jointly requested that the court schedule an initial appearance at which Hunter Biden would plead guilty to the tax charges and enter a pretrial diversion agreement as to the firearm charge.  *See* Letter, *Biden*, No. 23-cr-61, Dkt. 1 (June 20, 2023); Letter, *Biden*, No. 23-mj-274, Dkt. 1 (June 20, 2023).  The hearing was subsequently scheduled for July 26, 2023.  Order, *Biden*, No. 23-cr-61, Dkt. 3 (June 21, 2023).

The plaintiffs filed this suit on June 26, 2023.  Their complaint references the statements of two "IRS whistleblower[s]" regarding alleged efforts from within DOJ to block, delay, or otherwise hinder the criminal investigation of Hunter Biden.  Compl. ¶¶ 47–51; *see id.* ¶¶ 56–94.  In particular, the complaint alleges that according to the whistleblowers, "U.S. Attorney [for the District of Delaware David] Weiss sought to charge Hunter Biden with felony tax charges in the District of Columbia and Northern District of California, but in each case, the local U.S. Attorney—both appointed by President Biden—blocked him from doing so."  *Id.* ¶ 4.  Similarly, according to the whistleblowers and as alleged, "U.S. Attorney Weiss further stated . . . that he then requested Special Counsel authority from Main Justice to allow him to bring such charges directly, but was denied."  *Id.*

Before the Court is the plaintiffs' Motion for a Preliminary Injunction, Dkt. 6, which seeks, in light of recent developments and Hunter Biden's forthcoming plea hearing, to "compel the

production by July 21, 2023, of a narrowed subset of the records sought by the" original request.

Pls.' Memo. in Support at 5, Dkt. 6-1.[2]  The scope of requested documents for purposes of the

preliminary injunction is "narrowed" only modestly:   As to only the second category of

information originally requested, the plaintiffs now seek records only for which the U.S. Attorney

for the District of Delaware is the custodian.  Mot. for Prelim. Inj. at 1, Dkt. 6.

## I.       Legal Standard

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a

clear showing that the plaintiff is entitled to such relief." *Sherley v. Sebelius*, 644 F.3d 388, 392

(D.C. Cir. 2011) (quoting *Winter v. NRDC*, 555 U.S. 7, 22 (2008)). To prevail, a party seeking

preliminary relief must make a "clear showing that four factors, taken together, warrant relief:

likely success on the merits, likely irreparable harm in the absence of preliminary relief, a balance

of the equities in its favor, and accord with the public interest." *League of Women Voters v. Newby*,

838 F.3d 1, 6 (D.C. Cir. 2016) (citation omitted).  The plaintiff "bear[s] the burdens of production

and persuasion." *Qualls v. Rumsfeld*, 357 F. Supp. 2d 274, 281 (D.D.C. 2005) (citing *Cobell v.*

*Norton*, 391 F.3d 251, 258 (D.C. Cir. 2004)).

Failure to show a likelihood of irreparable harm is sufficient to defeat a motion for a

preliminary injunction.  *See Chaplaincy of Full Gospel Churches v. England*, 454 F.3d 290, 297

(D.C. Cir. 2006).  The D.C. Circuit "has set a high standard for irreparable injury." *Mdewakanton*

*Sioux Indians of Minn. v. Zinke*, 255 F. Supp. 3d 48, 52 (D.D.C. 2017) (quoting *Chaplaincy*, 454

F.3d at 297).  "First, the injury must be both certain and great; it must be actual and not theoretical.

---

[2] Although the Court appreciates the concerns raised by DOJ as to the acceptance of the plaintiffs' proposed reply brief, the Court will grant the motions to file a reply and accompanying affidavits due to the arguments raised in DOJ's opposition that were not fully addressed in the plaintiffs' opening brief.

3

The moving party must show the injury complained of is of such imminence that there is a clear and present need for equitable relief to prevent irreparable harm.  Second, the injury must be beyond remediation." *Chaplaincy*, 454 F.3d at 297 (cleaned up).

**II.    Analysis**

On the existing record, the plaintiffs have not made a sufficient showing of irreparable harm.  Nor have they shown that they are sufficiently likely to succeed on the merits, or that the balance of the equities or the public interest weigh in favor of an entering an injunction.  Accordingly, and for the reasons stated below, the Court will deny their motion for a preliminary injunction without prejudice.

**A.    Irreparable Harm**

Because a failure to make a sufficient showing of irreparable harm is alone grounds to deny a motion for a preliminary injunction, *see Chaplaincy*, 454 F.3d at 297, the Court considers this factor before analyzing the other three.  Here, the plaintiffs provide two reasons why failure to produce responsive documents ahead of their proposed deadline would cause irreparable harm.  Neither is persuasive.

First, the plaintiffs cannot show irreparable harm simply because "[t]he information sought by this Motion goes to the heart of on-going House investigations and raging political controversy."  Pls.' Memo. at 32.  Undoubtedly, all FOIA requesters prefer to receive responsive records sooner rather than later.  And in certain cases—including the one here—an agency will accelerate processing of a request because of a "compelling need" to do so.  5 U.S.C. § 552(a)(6)(E)(i)(I).  But for the extraordinary remedy of a preliminary injunction ordering an agency to fulfill its obligations *by a date certain*, "[c]ourts in our district have generally found irreparable harm . . . only where the requested documents are 'time-sensitive and highly probative,

4

or even essential to the integrity, of an imminent event, after which event the utility of the records would be lessened or lost.'" *Heritage Foundation v. EPA*, No. 23-cv-748, 2023 WL 2954418, at *4 (D.D.C. Apr. 14, 2023) (quoting *N.Y. Times Co. v. Def. Health Agency*, No. 21-cv-566, 2021 WL 1614817, at *8 (D.D.C. Apr. 25, 2021)).  This fact alone distinguishes many of the cases cited by the plaintiffs.  As Chief Judge Boasberg has ably explained:

> For example, courts have granted preliminary injunctions in cases seeking documents regarding potential political interference with mail-in voting ahead of the imminent 2020 Presidential election, *see Protect Democracy Project, Inc. v. U.S. Dep't of Just.*, 498 F. Supp. 3d 132, 141 (D.D.C. 2020); documents relevant to the 2020 census where "the value of the information sought . . . would be materially lessened or lost" once the census process concluded, [*Brennan Ctr. for Just. at NYU Sch. of Law v. Dep't of Com.*, 498 F. Supp. 3d 87, 100 (D.D.C. 2020)]; documents related to an ongoing and time-limited impeachment process, [*Ctr. for Pub. Integrity v. DOD*, 411 F. Supp. 3d 5, 7, 11 (D.D.C. 2019)]; and documents related to a requester's role as a confidential FBI informant ahead of an imminent evidentiary hearing.  *Aguilera v. FBI*, 941 F. Supp. 144, 151 (D.D.C. 1996); *see also generally New York Times*, 2021 WL 1614817, at *8 n.9 (canvassing these cases).  By contrast, courts have denied preliminary injunctions in cases without a definite impending or time-limited event, such as where plaintiffs sought documents related to FISA surveillance generally, *Elec. Privacy Info. Ctr. v. Dep't of Justice*, 15 F. Supp. 3d 32, 35, 39–40 (D.D.C. 2014); an already existing Consumer Financial Protection Bureau rule, [*Allied Progress v. CFPB*, No. 17-cv-686, 2017 WL 1750263, at *6 (D.D.C. May 4, 2017)]; records related to former Secretary of State Hillary Clinton's use of a private email server well before the election, *Daily Caller v. U.S. Dep't of State*, 152 F. Supp. 3d 1, 8–13 (D.D.C. 2015); or records concerning an individual's termination after the event.  *Wadelton v. Dep't of State*, 941 F. Supp. 2d 120, 121 (D.D.C. 2013).

*Id.* at *4.  The public debate inside and outside of Congress over Hunter Biden's actions, his criminal prosecution, and any involvement therein by the President of the United States will not end on July 26, 2023.[3]   Indeed, the issue may become even more salient over time as relevant investigations continue.

---

[3] Some case law suggests that, in order to secure a preliminary injunction for production by a date certain, a plaintiff need not point to a definite date after which the information's value diminishes. *See Am. Immigr. Council v. DHS*, 470 F. Supp. 3d 32, 38 (D.D.C. 2020).  But here, the plaintiffs specifically state in their reply brief that the "correct standard" "to justify injunctive relief" is whether the "utility of the records would be lessened or lost by a date certain."  Pls.' Reply at 26,

Second, as to the only specific event on a particular date on which the plaintiffs rely—Hunter Biden's scheduled July 26, 2023 plea hearing—the plaintiffs have not established how their access to this information would have any bearing on a judicial plea proceeding.  The plaintiffs are not party to Hunter Biden's criminal case in the U.S. District Court for the District of Delaware; they cannot themselves "use [the information] in relation to Robert Hunter Biden's plea hearing set for July 26, 2023."  Mot. for Prelim. Inj. at 2.  And whether that court should accept Hunter Biden's guilty plea is not a political question subject to public debate that could be sparked by the production of documents under FOIA; it is a legal question for the presiding judge to determine under Rule 11 of the Federal Rules of Criminal Procedure.  The plaintiffs have provided no reason to think that the court in Hunter Biden's case is incapable of deciding for itself whether it has sufficient information to determine whether to accept the plea or whether it must demand more.  And the broader questions that are indeed the subject of public debate—the justifiability of DOJ's prosecution decisions with respect to Hunter Biden and any influence the President and his appointees exerted on that decision—will continue to have the same salience long after the July 26, 2023 plea hearing.[4]

Moreover, further undermining a claim of irreparable harm, DOJ has provided substantial reason to think that the requested records "are highly likely to be exempt in whole or significant

---

Dkt. 15-1 (cleaned up).  In any event, even if the plaintiffs were not required to identify such a specific date, they have not shown that the information is likely to lose its relevance to public debate in roughly the timeframe they propose.  That is, it may be that, at some future point, the delays in processing will have significantly lessened the utility of the records sought.  But the plaintiffs have not provided probative, concrete evidence—beyond alleging generally that some committee investigations have begun—that the documents they seek will lose their utility in these congressional proceedings and their accompanying debates after July 26, 2023.

[4] Because the Court finds that the plaintiffs have not established irreparable harm, it need not consider whether, as DOJ argues, Def.'s Opp'n at 12–13, Dkt. 10, the plaintiffs' delay in filing their complaint and motion for preliminary injunction undermines their claim of irreparable harm.

part."  Def.'s Opp'n at 9; *see Elec. Privacy Info. Ctr.*, 15 F. Supp. 3d at 46 (explaining that a party

"cannot claim to be injured—much less 'irreparably' so—if the [agency] withholds documents

that [the requester] is not entitled to access in the first instance").  For example, Exemption 5

protects "inter-agency or intra-agency memorandums or letters that would not be available by law

to a party other than an agency in litigation with the agency."  5 U.S.C. § 552(b)(5); *see, e.g.*,

*CREW v. DOJ*, 45 F.4th 963, 971–72 (D.C. Cir. 2022) (deliberative-process privilege); *Jud. Watch,*

*Inc. v. DOJ*, 432 F.3d 366, 369 (D.C. Cir. 2005) (work-product privilege).  And Exemption 7(A)

protects "records or information compiled for law enforcement purposes . . . to the extent that the

production of such law enforcement records or information . . . could reasonably be expected to

interfere with enforcement proceedings."  5 U.S.C. § 552(b)(7).  On its face, the plaintiffs' request

appears to call for the production predominantly of documents that would fit squarely within these

and other exemptions.  Of course, none of this is to prejudge any legal issues that may arise if and

when the agency ultimately asserts these exemptions when producing responsive records.  As in

all cases, these FOIA exemptions do not give the agency a blank check to refuse to produce

documents; instead, they simply authorize the withholding of documents in specific circumstances,

subject to review by the Court.  At least at this stage, however, it appears to the Court that the

documents most likely to vindicate the plaintiffs' asserted interests justifying injunctive relief are

those that are also most likely to be exempt from disclosure under FOIA.[5]

---

[5] Indeed, even if the Court were to order the plaintiffs' proposed production deadline, the Court would have to resolve any dispute over these exemptions before a final production.  It is thus difficult to conceive of any scenario in which the plaintiffs would receive much of the information they seek by July 26, 2023, the date of the Hunter Biden plea hearing.

B.       **Likelihood of Success on the Merits**

In addition, DOJ has raised serious doubts about the plaintiffs' likelihood of success on the merits.  Both parties agree that the relevant merits question is whether DOJ is "*actually* processing the request as soon as practicable," Pls.' Memo. at 16 (cleaned up); *accord* Def.'s Opp'n at 8, and so whether it would be "practicable" to process the request in full by July 21, 2023.  The plaintiffs have not met their burden of showing a likelihood of success on the merits of this question.

DOJ submitted along with its opposition an affidavit stating that there are "2,523 pages of potentially responsive records," Cain Aff. ¶ 15, Dkt. 10-1,[6] and attesting to several factors contributing to possible delays in processing the plaintiffs' request.  Among those factors is the requirement that, for records that contain communications between the U.S. Attorney's Office for the District of Delaware and another DOJ component, the Executive Office for U.S. Attorneys ("EOUSA") must "forward . . . records to th[at] component[]."  *Id.* ¶ 18.  In addition, and for reasons already explained above, the processing time will be further lengthened by the agency's need to determine withholding and redactions for a high volume of potential exemptions.  *See id.* ¶ 19.  And in the EOUSA alone, there are "14 expedited requests that were received before" the one at issue in this case.  *Id.* ¶ 20.[7]  None of this is to say that the Court specifically endorses or tacitly accepts DOJ's proposed production schedule; that will be determined in the near future, after DOJ answers the complaint.  But it does cast substantial doubt on the plaintiffs' claim—for which they marshal virtually no supporting evidence—that the "as soon as practicable" standard

---

[6] To be sure, that number might be reduced based on the modest narrowing of the plaintiffs' request for the purposes of this preliminary injunction motion.

[7] That DOJ might reallocate resources from other units to the EOUSA, use up more funding, or otherwise "surge the necessary resources when it considers a matter a priority," Pls.' Reply at 10–12, does not change the fact that the plaintiffs have not met their burden of showing that the production schedule they request would be, at a minimum, "practicable."

8

demands production on or before July 21, 2023, just 22 days after the filing of the plaintiffs'

preliminary injunction motion and just a week after the plaintiffs' last filing in support of it.

It is not enough to respond that production must occur at breakneck speed because of "the

extreme gravity and urgency of this case."  Pls.' Memo. at 17.  DOJ does not contest—for good

reason—that the plaintiffs' request involves "[a] matter of widespread and exceptional media

interest in which there exist possible questions about the government's integrity that affect public

confidence." 28 C.F.R. § 16.5(e)(1)(iv); *see* Def.'s Opp'n at 4 n.1.  But all the statute requires is

that, once a request is expedited, the agency process it as soon as practicable. The plaintiffs provide

no authority for the proposition that *within* the category of expedited requests, DOJ has an

obligation to prioritize productions based on their "gravity and urgency."  To the contrary, an

agency faces the same obligation for "*any*" expedited request: namely, to process it "as soon as

practicable."  5 U.S.C. § 552(a)(6)(E)(iii) (emphasis added).

### C.      Balance of the Equities and the Public Interest

Finally, the balance of the equities and the public interest militate against entering a

preliminary injunction here.  Both parties agree that when the government is a party, these two

factors merge.  Pls.' Memo. at 34; Def.'s Opp'n at 15; *see Nken v. Holder*, 556 U.S. 418, 435

(2009).  Granting this preliminary injunction would mean effectively granting the plaintiffs'

request extra-expedited status, jumping the line ahead of other requests deemed similarly time-

sensitive under FOIA's expedition standards. *See Nation Mag. v. Dep't of State*, 805 F. Supp. 68,

74 (D.D.C. 1992) (noting as against the public interest that the reordering of request processing

under a FOIA preliminary injunction "would severely jeopardize the public's interest in an orderly,

fair, and efficient administrative of FOIA").  For that reason, the Court must consider the inherent

tradeoffs involved in ordering an agency to complete a particular FOIA request ahead of the rest

of the queue—all without the benefit of hearing from the nonparty requestors whose productions would be delayed.

Here, DOJ has explained that other expedited requests before the EOUSA include "sensitive matters such as the January 6[th] Capitol riots, the search on Mar-A-Lago, classified records and communications related to the Special Counsel's Office, and criminal case files for a Capital Habeas case." Cain Aff. ¶ 23. The inevitable delay in processing those requests that would result from entering a preliminary injunction here further tilts the scale in DOJ's favor.

* * *

The plaintiffs have brought a FOIA request that all parties involved agree carries exceptional importance, and they have raised many arguments, legal and factual, that DOJ will be required to address over the course of this litigation. The plaintiffs have not shown, however, at least at this juncture, that they are entitled to the extraordinary preliminary injunctive relief they seek.

Accordingly, it is

**ORDERED** that the plaintiffs' Motions for Leave to File Reply Declarations and Reply Memorandum, Dkts. 14, 15, are **GRANTED**; and it is further

**ORDERED** that the plaintiffs' Motion for a Preliminary Injunction, Dkt. 6, is **DENIED WITHOUT PREJUDICE**.

**SO ORDERED.**

DABNEY L. FRIEDRICH
United States District Judge

July 19, 2023

10

16